UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAVERNE WALDROP, | § |
| Plaintiff, | § § § |
| v. | § No. 3:12-cv-02579-M |
| GUARANTEE TRUST LIFE INSURANCE COMPANY, TRINITY HEALTH & LIFE, ADRIENNE BUCKINGHAM, and DREW RICHARDS, | § § § § § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand [Docket Entry #9], filed by Plaintiff Laverne Waldrop ("Plaintiff" or "Waldrop"). The Motion hinges on one central question: does Waldrop's state court Petition state a plausible claim against the non-diverse Defendants, or were they improperly joined and therefore irrelevant for the purpose of determining diversity jurisdiction?[1] For the reasons set forth below, the Court determines the non-diverse Defendants were improperly joined and therefore **DENIES** the Motion.

### I. BACKGROUND

This suit arises from a life insurance contract between the decedent, Chad Ryan ("Ryan"), and Guarantee Life Insurance Company ("GTL"). Ryan purchased a renewable term life insurance policy from GTL in August 2008, naming his mother, Waldrop, as the beneficiary. Coverage was cancelled in February 2010, due to an "interruption" in payment. Defendants assert, and Plaintiff does not dispute, that the interruption resulted when the bank account associated with the policy no longer contained sufficient funds to pay premiums due.

---
[1] The parties agree, and the Court concludes, that the amount-in-controversy requirement is satisfied.

Ryan applied to reinstate the policy in March of 2010. In so doing, GTL required Ryan to make certain representations about his medical history. GTL accepted Ryan's application and reinstated his policy on April 6, 2010. Defendants assert, and Plaintiff does not dispute, that Defendant Drew Richards ("Richards") and his company, Trinity Health and Life ("Trinity"), played no role in the cancellation or reinstatement process.

Ryan was murdered on February 16, 2011. After his death, Waldrop submitted a claim for the policy proceeds. GTL denied the claim due to alleged misrepresentations that Ryan made on the reinstatement application.

As a result of this denial, Waldrop filed suit in state court against Defendants GTL, Adrienne Buckingham ("Buckingham"), Richards, and Trinity, for claims of breach of contract, bad faith, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and common law fraud and negligent misrepresentation. Buckingham and GTL are citizens of Illinois, while Richards, Trinity, and Waldrop are citizens of Texas.

Defendants Buckingham and GTL removed this case to federal court based on diversity jurisdiction, claiming that the non-diverse Defendants, Richards and Trinity, were improperly joined and should be disregarded when considering diversity of citizenship. Plaintiff moved to remand and subsequently filed a Motion for Leave to File her First Amended Complaint Subject to Remand [Docket Entry #10].

## II. LEGAL STANDARD

A defendant has the right to remove a case to federal court when federal jurisdiction exists, and the removal procedure is properly followed. 28 U.S.C. § 1441. If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in

which such action is brought." 28 U.S.C. § 1441(b). A case may be removed despite the presence of a non-diverse defendant, however, if the removing defendant shows that the non-diverse defendant was improperly joined. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that: (1) there has been actual fraud in the pleading of jurisdictional facts or (2) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "The burden of persuasion on those who claim . . . [improper] joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003).

To make such a finding, "the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. The court may also conduct a summary judgment-like inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74. All factual allegations are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 203, 308 (5th Cir. 2005); *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Where, as here, the court's inquiry focuses on plaintiff's ability to establish a cause of action against a non-diverse defendant, the court must also determine whether to apply federal or state pleading standards. The Fifth Circuit has not provided definitive guidance on this issue, nor

have the courts in this district taken a uniform approach.  *See Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *4–5  (N.D. Tex. Nov. 8, 2012) (Lynn, J.) (comparing cases from the Northern District of Texas).  However, this Court has recently determined that the better-reasoned approach is to apply the state court pleading standard.  *See id.*

Texas applies a "fair notice" pleading standard, which looks to "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."  *SFTF Holdings, LLC v. Bank of Am.*, No. 3:10-CV-0509-G, 2011 WL 1103023 (N.D. Tex. Mar. 22, 2011) (Fish, J.) (quoting *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)).  A pleading can contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. Tex. R. Civ. P. 45(b).  The state court liberally construes a plaintiff's petition in the plaintiff's favor. *Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App.—Austin 1996, no writ).  Moreover, the court will look to the plaintiff's intent and uphold a petition, even if the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can reasonably be inferred from what the plaintiff specifically stated. *Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App.—Corpus Christi 1993, writ denied).

Post-removal filings are relevant to the court's analysis only to the extent they contain factual allegations that "clarify or amplify the claims actually alleged" in the petition that controlled at the time of removal. *Griggs*, 181 F.3d at 700.  The court must not consider new causes of action or theories not raised in the state court petition. *Id.*; *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).

III. DISCUSSION

Again, the central question is whether Plaintiff adequately pled her claims against the in-state Defendants, Richards and Trinity, under the Texas pleading standard. Plaintiff's Petition states four causes of action against "Defendants" generally: breach of contract, bad faith denial of claims, DTPA violations, and fraud and negligent misconduct.

A. Breach of Contract

Richards and Trinity cannot be held liable for breaching a contract to which they were not parties. *See Griggs*, 181 F.3d at 700. In *Griggs*, the Fifth Circuit analyzed a similar set of facts: a plaintiff sued a number of defendants, including an insurance company and a non-diverse adjuster. *Id.* at 699–702. The panel found "no basis" for a breach of contract claim against the adjuster because the plaintiff had not alleged that the adjuster was a party to any contract nor that he had any responsibility in processing the plaintiff's claims. *Id.* at 699–702.

Like the plaintiff in *Griggs*, Waldrop does not plead sufficient facts to support her breach of contract claim against Richards or Trinity. She does not allege that Richards or Trinity are parties to any implied or express contract. In one sentence in the "Breach of Contract" section of the Petition, Plaintiff refers to a contract between "Plaintiffs and Defendants." But there is only one Plaintiff in this action, Waldrop, and everywhere else in that section Waldrop refers either to "Defendant GTL" or to "Defendant," in the singular. This is consistent with the common sense notion that an insurance contract was formed between the insurance company and the policy holder, and that the agent was not a party to the contract. Furthermore, as was the case in *Griggs*, Plaintiff pleads no facts suggesting the non-diverse Defendants had any decision making authority with respect to GTL's denial of Waldrop's claim.[2]

---

[2] Plaintiff did not rebut this fact, which was asserted in the affidavits of Richards and Buckingham. Defs.' App. 10, 48–49.

In her proposed Amended Complaint, Plaintiff alleges that Trinity and Richards's "failure to procure insurance" constitutes breach of contract. To the extent Plaintiff suggests that Trinity and Richards did not actually sell Ryan a legitimate insurance policy—a claim wholly unsupported by the remainder of the pleading—the Court interprets it as novel theory not raised in the state court Petition, and cannot consider it in this determination. Thus, Waldrop has not adequately pled a breach of contract claim against Richards or Trinity.

Bad Faith

Similarly, Richards and Trinity cannot be held liable for breach of duty of good faith and fair dealing. "[I]n an insurance context, the duty of good faith and fair dealing arises only when there is a contract giving rise to a 'special relationship.'" *Griggs*, 181 F.3d at 700 (quoting *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994)). Waldrop does not allege that her relationship with Richards or Trinity was governed by a contract or was "otherwise imbued with special characteristics that would give rise to the special relationship required to impose a duty of good faith." *See id.* at 701 (internal citations omitted). This claim, too, fails as a matter of law.[3]

B. DTPA

The DTPA imposes liability when an insurance agent misrepresents specific policy terms and those misrepresentations cause a plaintiff's damages. *Id.* However, formulaically reciting the DTPA's provisions without identifying specific misrepresentations does not itself establish a valid claim. *Id.* Instead, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' [sic] allegations and the pleaded theory of recovery." *Id.*

---

[3] Indeed, Plaintiff appears to have dropped this claim against Trinity and Richards in her proposed Amended Complaint.

In *Griggs*, the insurance agent represented that she would monitor the progress of plaintiff's claims and that the insurance company would handle the policy "professionally." *Id.* at 702. Nevertheless, the Court found those statements to constitute mere puffery, and concluded that plaintiff had identified no specific statements that could be causally linked to the alleged damages. *Id.* Accordingly, the panel found "no conceivable basis in law or fact upon which [the agent's] non-specific statements [could] be construed as actionable representations that caused the injury alleged." *Id.*

Here, Waldrop makes the following allegations that could conceivably be directed towards the time of the sale of the original policy, and therefore at Trinity and Richards: that Defendants "misrepresented a material fact or policy provision" and "misrepresented the insurance policy" by "making an untrue statement of material fact, . . . making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact, . . . [and] making a material misstatement of law." Pl.'s Pet. at 5. Plaintiff does not provide any greater detail on the nature of these alleged misrepresentations. Nor does she plead facts establishing more than a "mere hypothetical possibility" that the misrepresentations caused her injury.[4] *See Griggs*, 181 F.3d at 701. Richards and Trinity sold the original policy, but were not involved in the decision to terminate the policy, to reinstate the policy, or to deny Plaintiff's claims under the policy. The absence of any substantive factual allegations regarding the alleged misrepresentations or their relationship to the alleged injury is fatal to Plaintiff's DTPA claim.

---

[4] In her proposed Amended Complaint, Plaintiff alleges that Trinity and Richards "failed to procure insurance cover" by "fail[ing] to notify Plaintiff of the change in periodic payment terms and subsequently failed to timely procure the requested insurance coverage which was purchased by Plaintiff." First, the Court notes that Waldrop's many references to "Plaintiff" are presumably references to Ryan, an error repeated throughout the Petition and the proposed Amended Complaint. Second, as mentioned above, this additional allegation is more than a mere "clarification" of previously-alleged facts; rather, it is a new theory which the Court cannot consider.

C. Fraud and Negligent Misrepresentation

Waldrop's fraud and negligent misrepresentation claim fails for similar reasons. To state a claim of fraud by misrepresentation under Texas law, a "plaintiff must sufficiently allege (1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). In her Petition, Waldrop stated generally that "Defendants" committed fraud and made negligent misrepresentations, but did not identify any particular misrepresentation attributable to Richards or Trinity. Without alleging any specific actionable conduct by Richards and Trinity or any causal connection between such conduct and the claimed injury, Plaintiff's claim cannot survive.

IV. CONCLUSION

Waldrop's Petition does not establish a cause of action against the non-diverse Defendants Trinity and Richards under any of the theories alleged. Therefore, their citizenship can be disregarded for the purposes of determining jurisdiction. Because the only legitimate Defendants are diverse from Plaintiff, and because the amount in controversy exceeds the jurisdictional threshold, Waldrop's Motion to Remand is **DENIED**. The claims against Richards and Trinity are **DISMISSED** without prejudice. Waldrop's Motion for Leave to File First Amended Complaint Subject to Remand is **DENIED** without prejudice to filing a new motion for leave to file an amended complaint that expounds on the allegations against GTL and Buckingham, but that omits any claims against Richards and Trinity. Unless Waldrop files such a motion within fourteen days of this Order, GTL and Buckingham are directed to answer or otherwise respond to Plaintiff's Petition within twenty-one days of this Order.

**SO ORDERED**.

February 25, 2013.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**