# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LAVERNE WALDROP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-02579-M |
| | § | |
| GUARANTEE TRUST LIFE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for a More Definite Statement, filed by Defendant Guarantee Trust Life Insurance Company ("GTL") [Docket Entry #23]. For the reasons stated below, the Motion is **DENIED**.

### I.        BACKGROUND

Chad Ryan ("Ryan") purchased a renewable term life insurance policy from GTL in August 2008, naming as the beneficiary his mother, Laverne Waldrop ("Waldrop" or "Plaintiff"). GTL cancelled coverage in February 2010, due to an "interruption" in payment. GTL asserts, and Waldrop does not dispute, that the interruption resulted when the bank account associated with payment of the policy premiums no longer contained sufficient funds to pay premiums due.

Ryan applied to reinstate the policy in March of 2010. GTL required Ryan to make certain representations about his medical history to reinstate the policy. GTL accepted Ryan's application and reinstated the policy on April 6, 2010. Ryan was murdered on February 16,

2011.  After his death, Waldrop made a claim for the policy proceeds.  GTL denied it due to

alleged misrepresentations Ryan made on the reinstatement application.

As a result of GTL's denial of her claim, Waldrop filed suit in state court against GTL

and others.  After Defendants removed the case, and the Court denied remand, Waldrop filed an

Amended Complaint, asserting causes of action against only GTL for breach of contract, breach

of the common law duty of good faith and fair dealing, and violations of the Texas Insurance

Code and the Texas Deceptive Trade Practices Act.  GTL filed an Answer and Motion for More

Definite Statement, arguing that several sections of the Amended Complaint are so vague that

they require GTL to speculate about which pleaded facts, if any, correspond with the various

theories of liability.

## II.      LEGAL STANDARD

A party may move for a more definite statement "[i]f a pleading to which a responsive

pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to

frame a responsive pleading."  Fed. R. Civ. P. 12(e).  Rule 12(e) should not be used to

"require[e] a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a

motion to dismiss." *Mitchell v. E-Z Way Towers, Inc.,* 269 F. 2d 126, 132 (5th Cir. 1959).

"[M]otions for a more definite statement are generally disfavored," *Travelers Indem. Co. of*

*Connecticut v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 654 (N.D. Tex. 2004), and

"may not be used as a substitute for discovery." *Davenport v. Rodriguez,* 147 F. Supp. 2d 630,

640 (S.D. Tex. 2001).  Ultimately, whether a more definite statement is required is a matter

within the discretion of the trial court.  *Travelers Indem.*, 313 F. Supp. 2d at 654.

## III.      ANALYSIS AND CONCLUSION

GTL directs its first challenge to paragraph 18 of Waldrop's Amended Complaint, in

which she claims her experience "is not an isolated case," and that GTL's "acts and omissions, upon belief, occur with such frequency that they constitute a general business practice." According to GTL, this pleading lacks a factual basis, and is "transparently intended to open the door for plaintiff's counsel to poke around in other claims." *Mot.* ¶ 2.2.  This allegation, though lacking detailed statements of fact, is not so vague as to preclude a responsive pleading.  If discovery undertaken by Waldrop confirms that Waldrop is "pok[ing] around" without merit, then GTL may move for a protective order.  The Motion is **DENIED** as it pertains to the factual allegations of paragraph 18.

GTL's second challenge targets Waldrop's pleading of GTL's alleged unfair competition. Waldrop contends that "GTL's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition." *Am. Compl.* ¶ 23.  GTL complains that the pleading fails to identify specific misrepresentations.  In fact, Waldrop makes allegations that, if true, were misrepresentations of material facts by GTL about coverage of the policy.  Specifically, Waldrop contends that GTL told her it based its denial on Ryan's nondisclosure of certain aspects of his medical condition, but that, in fact, GTL knew that Ryan had no obligation to disclose those medical conditions and that Waldrop's claim was valid under the policy.  *Am. Compl.* ¶¶ 6–7.  The Court sees no other misrepresentation pleaded, and does not find that allegation so vague as to preclude a responsive pleading.  Therefore, the Motion is **DENIED** as to paragraph 23.

The Court **DENIES** the Motion as to the allegations of paragraphs 35 a–h, which pertain to Tex. Bus. & Com. Code § 17.46.  In those paragraphs, Waldrop lists a number of violations, based on the pleaded facts, which are incorporated by reference.  The court finds nothing inappropriate about that method of pleading.  With respect to the remaining contentions in the

Motion—that, due to the vagueness of the Complaint, GTL is unable to determine the applicability of certain defenses, including statute of limitations, denial of agency, ambiguity, statute of frauds, and Rule 11 sanctions—GTL may determine the validity of those defenses through discovery, and may seek to amend its Answer if it concludes that any such defense applies.

Finally, GTL moves to dismiss Waldrop's fraud claims pursuant to Rule 9(b), based on Waldrop's allegation that GTL "fraudulently denied coverage." *Am. Compl.* ¶ 6.  Waldrop represents in her response that she does not intend to bring a claim for fraud.  The Court thus **DISMISSES** the fraud claim from the Complaint.

      **SO ORDERED**.

May 31, 2013.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**